IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-531-KS

| | |
|---|---|
| WILLIAM J. JOHNSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 19 & 23], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff William J. Johnson, III filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On September 23, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands this matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on August 20, 2011, alleging disability beginning March 31, 2011. (Tr. 70, 151.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 60, 70, 94.) On April

19, 2013, a hearing was held before Administrative Law Judge Richard E. Perlowski ("ALJ"), who issued an unfavorable ruling on June 5, 2013. (Tr. 23-31.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 31.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since March 31, 2011, his alleged onset date. (Tr. 25.) Next, he determined that Plaintiff had the following severe impairments: degenerative disc disease and multiple sclerosis. (Tr. 25.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had the ability

> to lift and carry up to 10 pounds frequently and 20 pounds occasionally, and to stand and walk for up to six hours in an eight-hour work day. The claimant would

3

be limited to only occasional postural activities and could not work around temperature extremes or excessive vibration. He would need to avoid significant hazards.

(Tr. 25-29.) The ALJ further determined that Plaintiff had no past relevant work but, based upon his age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 29-30.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ failed to evaluate whether his multiple sclerosis met or medically equaled Listing 11.09(c). Second, Plaintiff asserts that the ALJ erred in failing to give Dr. Singaravelu Jagadeesan's opinions controlling weight.

In determining whether a listing is met or equaled, an ALJ must consider all evidence in the case record about the claimant's impairments and their effects on the claimant. 20 C.F.R. § 404.1526(c). Where a claimant has a severe impairment and the record contains evidence that symptoms related to the impairment "correspond to some or all of the requirements of a listing," it is incumbent upon the ALJ to identify the listing and to compare the claimant's symptoms to each of the listing's requirements. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986). While it may not always be necessary for the ALJ to perform a "step-by-step" analysis of the listing's criteria, the ALJ must evaluate the claimant's symptoms in light of the specified medical criteria and explain his rationale. *Williams v. Astrue*, No. 5:11–CV–409–D, 2012 WL 4321390 (E.D.N.C. Sept. 20, 2012). An ALJ's failure to compare a claimant's symptoms to the relevant listings or to explain, other than in a summary or conclusory fashion, why the claimant's impairments do not meet or equal a listing "makes it impossible for a reviewing court to evaluate

4

whether substantial evidence supports the ALJ's findings." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Cook*, 783 F.2d at 1173.

Listing 11.09(c) is the listing applicable to multiple sclerosis. 20 C.F.R. Part 404, Subpt. P, App. 1, § 11.09(c). To merit a conclusive presumption of disability under Listing 11.09(c), a claimant must demonstrate multiple sclerosis with "[s]ignificant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process." 20 C.F.R. Part 404, Subpt. P, App. 1, § 11.09(c). "A claimant need not show that each symptom was present . . . simultaneously" or in close proximity to each other. *Radford*, 734 F.3d at 294. Rather, it is sufficient if the claimant shows "that he experienced the symptoms 'over a period of time,' as evidenced by 'a record of ongoing management and evaluation.'" *Id.*

In this case, the ALJ made a conclusory determination that Plaintiff's impairments, considered singly and in combination, "do not meet listing severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment." (Tr. 25.) At no point did the ALJ discuss Listing 11.09(c) or any other listing. As a consequence, his decision is completely devoid of any reasoning to support his determination that Plaintiff's impairments do not meet or equal a listing. Despite the ALJ's assessment, there exists in the record evidence that Plaintiff meets some or all of the requirements of Listing 11.09(c). Plaintiff's treating neurologist, Dr. Jagadeesan specifically indicates in his medical source statement that Plaintiff has "significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the nervous system known to be pathologically involved by the multiple

5

sclerosis process." (Tr. 394.) Dr. Jagadeesan then states that such fatigue sets in after ten to fifteen minutes of walking. (*Id.*) Moreover, there is ample evidence in the record concerning Plaintiff's fatigue (Tr. 321, 379-81, 393). Consequently, it was error for the ALJ not to consider and discuss whether Plaintiff's impairments meet or equal the criteria set forth in Listing 11.09(c).

Plaintiff also asserts that the ALJ erred in weighing Dr. Jagadeesan's medical opinion. Given the court's order that the case be remanded for further consideration of whether Plaintiff's impairment meets or medically equals Listing 11.09(c), there exists a substantial possibility that the Commissioner's findings may be different on remand. Accordingly, the court expresses no opinion whether the Commissioner erred in assessing the weight to be given Dr. Jagadeesan's medical opinion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #19] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #23] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 3rd day of December 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge